UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-21911-CIV-MORENO**

ALEXEY LEBEDINSKY,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand to State Court, and the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Because this action was properly removed pursuant to the Federal Tort Claims Act, the Plaintiff's motion is denied. As the Plaintiff failed to exhaust his administrative remedies, as required by the Federal Tort Claims Act prior to filing this action, the Defendant's motion to dismiss is granted.

### I.      BACKGROUND

On December 7, 2019, the Plaintiff, Alexey Lebedinsky, filed a two-count complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, arising out of an incident where he was allegedly "Baker Acted without explanation and without his knowledge" from May 21, 2019 to May 22, 2019. In his complaint, the Plaintiff alleges that the defendant, Citrus Health Network, Inc., failed to comply with Florida Statutes § 394.459, which, as alleged, states that service providers for "individuals receiving mental services" must provide the patient "with statutorily mandated rights." Additionally, the Plaintiff alleges a false imprisonment claim under Florida law, claiming that Citrus unlawfully restrained him against his

will at the facility. After filing suit, on December 11, 2019, the Plaintiff filed his administrative tort claim related to the incident in this case with the Department of Health and Human Services.

On May 7, 2020, the United States of America filed its Notice of Removal and Substitution of Party Defendant, noting, in relevant part, that "Citrus [] has been deemed an employee of the Public Health Service [] pursuant to 42 U.S.C. § 233(g), and Citrus [] is certified to have been acting within this federal employment at the time of the incidents out of which this action arises pursuant to 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4." The Defendant also attached a copy of the Certification by the United States Attorney to the Notice of Removal, which includes a certification that Citrus "was acting within the scope of its employment with the Federal Government at the time of the incident out of which the suit arose." Moreover, the Defendant has filed a copy of the Department of Health and Human Services' Notice of Deeming Action on the record, which states that Citrus was an "employee" of the Public Health Service from January 1, 2019, through December 31, 2019.

Thereafter, the Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction based on the Plaintiff's failure to exhaust administrative remedies, and the Plaintiff filed a Motion to Remand to State Court, claiming that this action was improperly removed pursuant to 28 U.S.C. § 1446 and that Plaintiff's claims are exempt from the Federal Tort Claims Act.

## II.     LEGAL STANDARD

### A. Motion to Remand

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of So. Ala. v.*

*Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts are to construe the removal statutes narrowly resolving uncertainties in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### B. Subject Matter Jurisdiction

"[A] motion to dismiss for lack of subject matter jurisdiction…can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When dealing with a facial attack, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," that is, "the court must consider the allegations in the plaintiff's complaint as true." *Id.* (internal citations omitted). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Moreover, as the Eleventh Circuit noted in *McElmurray*, "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### III.     ANALYSIS

Currently before the Court are the Plaintiff's motion to remand and the Defendant's motion to dismiss for lack of subject matter jurisdiction. The Court denies the motion to remand because the Defendant timely removed this action pursuant to 28 U.S.C. § 233(c) and the Federal Tort

Claims Act, and the motion to dismiss is granted because the Plaintiff has failed to exhaust his administrative remedies prior to filing suit, *see* 28 U.S.C. § 2675(a).

### A. Motion to Remand

In the motion to remand, the Plaintiff contends that remand is appropriate in this case because: (1) the Defendant untimely removed this action pursuant to 28 U.S.C. § 1446(b)(1); (2) the Defendant failed to comply with § 1446(a)'s requirements, namely, that the Defendant failed to file a copy of all process and pleadings with the Notice of Removal; and (3) the Plaintiff's claims against the Defendant are precluded by the exemption contained in 28 U.S.C. § 2680. The Court shall address each of the Plaintiff's arguments.

### 1. The Defendant, pursuant to 28 U.S.C. § 233(c), timely removed this action.

Section 1446(b) requires that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

In the motion to remand, the Plaintiff argues that the Defendant "failed to file a Notice of Removal within thirty (30) days as required by [] § 1446(b)(1)." According to the Plaintiff, the Defendant was served on December 23, 2019, and it did not file its Notice of Removal until May 7, 2020.

In its response, the Defendant claims that § 1446's 30-day time limit does not apply to this case. Rather, according to the Defendant, this case is controlled by the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, and the

4

fact that the U.S. Attorney certified scope of employment under the Act in this case. Section 233(a) governs "[c]ivil actions or proceedings against commissioned officers or employees" and the "[e]xclusiveness of remedy" against the United States involving a Federal Tort Claims Act claim. *See* 42 U.S.C. § 233; *see also Allen v. Christenberry*, 327 F.3d 1290, 1294 (11th Cir. 2003) ("The [Federally Supported Health Centers Assistance Act] makes the remedy provided against the United States under the [Federal Tort Claims Act] the exclusive remedy for the medical malpractice of employees or contractors of [the Public Health Service].").

In *Allen*, the Eleventh Circuit explained how "[t]he [Federally Supported Health Centers Assistance Act] provides authority to remove cases to federal court only in specific and limited circumstances." *Allen*, 327 F.3d at 1293. The *Allen* court noted that, "[i]n order to be covered under the [Federal Tort Claims Act], an entity, an employee of the entity, or a contractor of the entity seeking coverage must be deemed an employee of [the Public Health Service]." *Id.* at 1294. Should a determination be made that "any officer or employee of [the Public Health Service] [was] acting in the scope of his employment, § 233(b) provides that the Attorney General shall defend such a civil action. *Id.* Specifically, as it relates to removal, the court stated that "[t]he Attorney General may remove a case under § 233(c) this way":

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond **at any time before trial** by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending [and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto].

*Id.* (citing § 233(c)) (emphasis added). While the Eleventh Circuit ultimately reversed the district court's order denying the motion to remand and remanded the case to the district court with instructions to remand to state court (*id.* at 1296), the court reasoned that "[i]f the Attorney General

5

had notified the [state] court that [the Department of Health and Human Services] had determined that the [defendants] doctors were deemed employees of [the Public Health Service], effectively certifying that they had been acting within the scope of their employment with it, removal would have been proper (indeed mandatory)." *Allen*, 327 F.3d at 1295 (internal citations omitted).

Based on *Allen*, the Defendant claims that the removal was timely in this case as "[s]cope of employment was certified pursuant to § 233(c) and the case was removed prior to trial." The Defendant also cites to *Douse v. Eleventh Circuit Court of Appeals Clerk of Courts*, 760 Fed. Appx. 880, 885 (11th Cir. 2019) for the proposition that where a case is removed from state court pursuant to a specific statutory provision and that statute provides specific procedures for removal, those procedures control. In *Douse*, the plaintiff argued that the district court erred in its application of the doctrine of res judicata, namely, that certain prior decisions were not entered by a court of competent jurisdiction, because removal was untimely under 28 U.S.C. § 1446(b), which "generally requires that removal be accomplished within 30 days of the [defendant's] receipt of the complaint." 760 Fed. Appx. at 885. Yet, the court in *Douse* noted that "th[e] case was removed pursuant to the Westfall Act, which provides that removal may take place 'at any time before trial.'" *Id.* (citing 28 U.S.C. § 2679(d)(2)). Thus, the *Douse* court held that removal was timely because the plaintiff did not dispute § 2679(d)(2)'s requirement and there was no trial held in that case. *Id.*

While the Plaintiff failed to file any reply addressing *Allen* or *Douse*, in the motion to remand, the Plaintiff maintains that a certification is defective when it states that such a certification does not extend to any independent contractors. This argument misses the mark. Such language would be consistent with the fact that such a certification only applies to a "defendant [who] was acting in the scope of his employment at the time of the incident out of which the suit

arose." § 233(c). Here, the certification applied to the only defendant in the state court action, Citrus, prior to the Defendant's removal and substitution. Furthermore, the Plaintiff's own motion belies such an argument, as here the Plaintiff concedes that "the certification of scope of employment is dispositive only for removal purposes." *See also Osborn v. Haley*, 549 U.S. 225, 230 (2007).

Section 233(c) dictates whether the removal was timely in this case. This case is similar to *Douse*, where another statutory provision, the Westfall Act, provided for the timeliness of any removal of a civil action and the plaintiff failed to address such an issue. 760 Fed. Appx. at 885. Here, the Plaintiff failed to file any reply addressing the applicability of § 233(c), which provides that "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond **at any time before trial**." § 233(c) (emphasis added).

To be sure, the Defendant attached a copy of the "Certification by United States Attorney Ariana Fajardo Orshan Pursuant to 42 U.S.C. § 233(c)" to its Notice of Removal and Substitution of Party Defendant. In the notice, the U.S. Attorney certified that "Citrus [] [the defendant in the state court action] was acting within the course and scope of its Federal employment at the time of the alleged incident as specified herein." The certification further states that it was filed pursuant to 28 C.F.R. § 15.4(a), which provides, in relevant part, that "[t]he United States Attorney for the district where the civil action or proceeding is brought…is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28. C.F.R. § 15.4(a). Additionally, as required under § 233(c), the Defendant states, and the Plaintiff does not

dispute, that this matter was removed before trial. Accordingly, removal is not only proper in this case, but "indeed mandatory." *Allen*, 327 F.3d at 1295.

2. **The Defendant's failure to file a copy of all process and pleadings with the Notice of Removal does not mandate remand because it was at best a procedural defect in the case's removal.**

Next, the Plaintiff argues that this case should be remanded because the Defendant failed to comply with the procedure for the removal of this civil action, as required by § 1446(a). Section 1446 provides the "[p]rocedure for removal of civil actions" and requires, in pertinent part, that a "defendant [] desiring to remove any civil action from a State court shall file in the district court . . . a copy of all process, pleadings, and orders served upon such defendant [] in such action. 28 U.S.C. § 1446(a).

Specifically, the Plaintiff claims that the Defendant failed to comply with § 1446(a), as the Defendant "failed to include a copy of all process and pleadings with the Notice [of Removal]." The Plaintiff does not cite any authority that stands for the proposition that such a deficiency requires the remand of the action back to state court. Instead, in its response, the Defendant cites to *Knezevich v. Carter*, where the court held that that the defendant's failure to file a copy of the notice of removal in state court pursuant to § 1446(d) "d[id] not defeat federal jurisdiction." 805 Fed. Appx. 717, 723 (11th Cir. 2020) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997)). In that case, "because the government's failure to promptly file the notice in the state court was at best a procedural defect in the case's removal, the district court had jurisdiction over the action and could not remand it back to the state court." *Carter*, 805 Fed. Appx. at 723.

Here, the Defendant states that it "filed the state court docket six days after filing the Notice of Removal together with all available process and pleadings." Moreover, the Plaintiff failed to file any reply addressing *Carter*. Accordingly, because the Defendant's failure to file a copy of all

8

process and pleadings with the Notice of Removal appears to be "at best a procedural defect in the case's removal," *Carter*, 805 Fed. Appx. at 723, and the Plaintiff cites no authority requiring that the case be remanded due to such a procedural defect, the Court declines to remand the case on this basis.

### 3. Even if the Plaintiff's claims are exempt, the Federal Tort Claims Act still governs this action, and the Defendant properly removed this case pursuant to § 233(c).

Next, the Plaintiff maintains that his claims under Chapter 394 of the Florida Statutes and false imprisonment claim are exempt from the Federal Tort Claims Act.

As relevant here, "[w]hen federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act [], 28 U.S.C. §§ 1346, 2671-2680, generally authorizes substitution of the United States as the defendant." *Hui v. Castaneda*, 130 S.Ct. 1845, 1848 (2010). Section 233(a) provides as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). Phrased differently, § 233(a) "makes the [Federal Tort Claims Act] remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a [Public Health Service] officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" *Hui*, 130 S.Ct. at 1848.

As to the Chapter 394 claim, Plaintiff contends that this "statutory claim arises out of execution of a statute or regulation and is exempt from the [Federal Tort Claims Act]" pursuant to 28 U.S.C. § 2680(a). Section 2680 provides that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to--":

9

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The Plaintiff cites to *Baca v. United States* for the proposition that his § 394.459 claim under Florida is exempt from the Federal Tort Claims Act, but the Court finds that case is distinguishable because the plaintiffs there did not seek to remand their case to state court because their claims were exempt. 467 F.2d 1061 (10th Cir. 1972). Rather, the plaintiffs in *Baca* filed suit against the United States as a defendant under the Federal Tort Claims Act in federal district court. *Id.* at 1062. Accordingly, the Court does not construe *Baca* as standing for the proposition that exempted claims under the Federal Tort Claims Act must be remanded to state court.

Similarly, when discussing how his false imprisonment claim is not subject to the Federal Tort Claims Act, the Plaintiff cites *Couden v. Duffy*, 446 F.3d 483 (3d Cir. 2006), which is also distinguishable from the procedural posture of this case. There, the plaintiffs filed suit against the defendant in federal district court, alleging constitutional violations, state common law claims, including a claim for false imprisonment. *Id.* at 491. Hence, that case did not involve a motion to remand because the plaintiffs' false imprisonment claim was exempt under the Federal Tort Claims Act. *Id.*

The Defendant posits that "[t]he mere fact that Plaintiff asserted claims excepted under the [Federal Tort Claims Act] cannot serve as a basis for remand," while citing a case that is more factually analogous to this case. *See Estate of Callaham ex rel. Foster v. United States*, No. 3:12-cv-579, 2012 WL 1835366 (D.S.C. May 21, 2012) (denying motion to remand where the Federal

Tort Claims Act governed all of the claims asserted in that case, which included exempted claims under 28 U.S.C. § 2680(h), like slander and misrepresentation). The Plaintiff failed to file any reply addressing *Foster*.

Accordingly, as the certification is dispositive at the time of removal and "the [Federal Tort Claims Act] governs all of the claims asserted in this case," even those that are exempt from the Act, "this court cannot remand any claims." *Foster*, 2012 WL 1835366, at *3. As the Defendant properly removed this action pursuant to § 233(c), the Plaintiff's motion to remand is denied.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

As previously noted, the Federal Tort Claims Act governs the claims in this action, as such claims are against the United States, the substituted Defendant. In *Hui*, the Supreme Court stated that § 233(a) "grants absolute immunity to [Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui*, 130 S.Ct. at 1851. As such, "[b]y its terms, § 233(a) limits recovery for such conduct to suits against the United States." *Id.* "The breadth of the words 'exclusive' and 'any' supports this reading, as does the provision's inclusive reference to all civil proceedings arising out of 'the same subject-matter.'" *Id.*

By enacting the Federal Tort Claims Act, "Congress authorized a limited waiver of sovereign immunity when federal employees commit torts while acting within the scope of their employment." *Martinez v. Minnis*, 257 Fed. Appx. 261, 263 (11th Cir. 2007) (per curiam) (citing *Means v. United States*, 176 F.3d 1376, 1378-79 (11th Cir. 1999)). Section 2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have

first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Thus, "[a]s a prerequisite to bringing suit under the [Federal Tort Claims Act], a potential plaintiff must first present the claim to the appropriate Federal agency." *Martinez*, 257 Fed. Appx. at 263 (citing 28 U.S.C. § 2675(a)). "A district court lacks jurisdiction over a[] [Federal Tort Claims Act] action if the plaintiff has not complied with the notice requirements of § 2675(a)." *Id.* at 263-264 (citing *Burchfield v. United States*, 168 F.3d 1252, 1254-55 (11th Cir. 1999)).

To be sure, in *McNeil v. United States,* the Supreme Court made clear that "[t]he Federal Tort Claims Act [] provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies." 113 S.Ct. 1980, 1981 (1993) (internal quotations omitted). In *McNeil*, the Court stated that § 2675(a)'s "command" was "unambiguous," namely, "that an action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *Id.* at 1983. The Court added that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 1983-84; *see also Turner Ex Rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Because '[t]he [Federal Tort Claims Act] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits.'") (citing *McNeil*, 113 S.Ct. at 1984).

In its motion to dismiss, the Defendant argues that this action should be dismissed for lack of subject matter jurisdiction because the Plaintiff filed this lawsuit on December 7, 2019, prior to exhausting his administrative remedies, as required by § 2675(a). The Defendant also points out that "[n]ot only was the administrative claim not exhausted when Plaintiff filed suit, it was not even submitted," as the Plaintiff filed his claim with the Department of Health and Human Services on December 11, 2019. In support, the Defendant attached the Declaration of Meredith Torres. In the declaration, Ms. Torres stated that, pursuant to a search of the Department of Health and Human Services' database for administrative tort claims, the Plaintiff's administrative claim was filed on December 11, 2019.

In his response, the Plaintiff does not contest that his claim was filed on December 11, 2019. Rather, he maintains that his claims are based on exceptions to the Federal Tort Claims Act and said claims are "not subject to administrative remedies." As the Court has already found that the Federal Tort Claims Act governs this action even if the Plaintiff's claims are exempt, the Court shall address the Plaintiff's argument that his claims are not subject to administrative remedies.

First, the Plaintiff contends that "the claims are limited to personnel in the facility, which may or may not be employees of Citrus []." To the extent that the Plaintiff is arguing that the Federal Tort Claims Act should not govern this case because the action could possibly involve independent contractors that are not employees of Citrus, and, therefore, such claims are not governed by the Act, such an argument is without merit because the Plaintiff only named Citrus as a defendant in the state court action.

Second, the Plaintiff states that he did comply with the pre-suit requirements because "[s]ix month have elapsed since the filing of the claim" on December 11, 2019, and, "[a]s such, as of today's date [June 12, 2020] the claim is deemed a final denial for purposes of § 2675(a)."

Notwithstanding that more than six months have elapsed since the Plaintiff submitted his administrative claim, § 2675(a)'s language is plain and unambiguous: "an action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Thus, "[b]ecause '[t]he [Federal Tort Claims Act] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' [this] [] court lacks subject matter jurisdiction over [the Plaintiff's] prematurely filed suit[]." *See Turner*, 514 F.3d at 1200 (citing *McNeil*, 113 S.Ct. at 1984). As this Court lacks subject matter jurisdiction, the Defendant's motion to dismiss is granted.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, it is

**ADJUDGED** that

1. The Plaintiff's Motion to Remand to State Court **(D.E. 11)** is **DENIED.**

2. The Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(D.E. 7)** is **GRANTED.** This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction, as the Plaintiff failed to exhaust his administrative remedies prior to filing suit.

3. The Clerk is directed to **CLOSE** this case.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of ~~October~~ November 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

14